IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| RACHEL ORTIZ, and JOSHUA MILLS individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> A & ASSOCIATES, INC. </br></br> Defendant. | Case No.: </br></br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs RACHEL ORTIZ ("Ortiz") and JOSHUA MILLS ("Mills") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this action for damages and other legal and equitable relief from Defendant A & Associates, Inc. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.* and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is a collective action brought by Plaintiffs challenging acts committed by Defendant against Plaintiffs and those similarly situated, which amount to violations of federal wage and hour laws.

2. Defendant employed Plaintiffs and all those similarly situated as Bartenders (collectively with Plaintiffs, the "Bartenders") throughout Texas. Defendant paid the Bartenders an hourly rate above the federal minimum wage. Defendant, however, retained credit card tips received by the Bartenders in violation of 29 U.S.C. § 203(m)(2)(b).

3. Accordingly, Plaintiffs bring this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective group of persons employed by Defendant as Bartenders in Texas during the past three years through the final date of the disposition of this action who were subject to Defendant's unlawful tip retention practices whereby they were they were deprived of all credit card tip received in violation of the FLSA and are entitled to recover: (i) unpaid tips; (ii) liquidated damages; (iii) interest; (iv) attorney fees and costs; and (i) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under the Declaratory Judgment Statute, 28 U.S.C. § 2201, and under 29 U.S.C. §§ 201 *et seq*.

5. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant conducts business in this district.

## THE PARTIES

6. Ortiz is a citizen of Texas and resides in Sachse, Texas.

7. Mills is a citizen of Texas and resides in Fort Worth, Texas.

8. At all relevant times, Plaintiffs were "employees" of Defendant within the meaning of the FLSA.

9. Defendant is incorporated in the State of Florida and is headquartered in West Palm Beach Florida.

10. Defendant transacted and continues to transact business within Texas by formerly and currently employing Bartenders in Texas and by providing services to the citizens of Texas.

11. Defendant has at all relevant times been an "employer" covered by the FLSA.

12. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA's requirements.

13. Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the requirements of the FLSA.

## STATEMENT OF FACTS

14. Defendant is a staffing company that provided Bartenders for events in Texas such as the United Football League, cricket matches, and Coca-Cola Classic Christmas.

15. Ortiz began her employment for Defendant as a Bartender in March 2024. Ortiz continued working for Defendant through November 2024.

16. Ortiz worked for Defendant in Dallas, Texas.

17. Mills began his employment for Defendant as a Bartender in or around April 2024. Mills continued working for Defendant through December 2024.

18. Mills worked for Defendant in Dallas, Texas.

19. Plaintiffs' and the Bartenders' job duties included making drinks for the patrons of the events they were working for.

20. Plaintiffs and the Bartenders were paid on an hourly basis and received cash and credit card tips.

21. Defendant, however, retained Plaintiffs' and the Bartenders' credit card tips in their entirety and did not remit the tips to Plaintiffs and the Bartenders.

22. Thus, Defendant violated 29 U.S.C. § 203(m)(2)(b) by unlawfully retaining Plaintiffs' and the Bartenders' credit card tips.

23. Defendant had knowledge of the FLSA's requirements. Therefore, its violation of the FLSA was and is willful.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective:

> All persons employed by Defendant as a Bartender in Texas during the relevant time period, who were subject to Defendant's unlawful credit card tip retention practices.

25. At all relevant times, Plaintiffs were similarly situated to all such individuals in the FLSA Collective[1] because while employed by Defendant, Plaintiffs and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were paid based on the FLSA's tip credit, and were subject to Defendant's credit card tip retention practices.

26. Defendant is and has been aware of the FLSA's requirements, yet willfully failed to adhere to them.

27. The FLSA Plaintiffs, under Plaintiffs' FLSA claim, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court preliminarily certifies the FLSA Collective.

---

[1] Hereinafter referred to as the "FLSA Plaintiffs."

28. All questions relating to Defendant's violations of the FLSA share a common factual basis with Plaintiffs. No claims under the FLSA relating to the unlawful retention of tips are specific to Plaintiffs and the claims asserted by Plaintiffs are typical of those of members of the FLSA Collective.

29. Plaintiffs will fairly and adequately represent the interests of the FLSA Collective and have no interests conflicting with the FLSA Collective.

30. A collective action is superior to all other methods of claim adjudication and is necessary in order to fairly and completely litigate violations of the FLSA.

31. Plaintiffs' attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

32. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs also creates a risk for varying results based on identical fact patterns as well as disposition of the FLSA Collective's interests without their knowledge or contribution.

33. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the FLSA Collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
The Fair Labor Standards Act, 29 U.S.C. § 203(m)(2)(b)
Made by Plaintiffs on Behalf of All FLSA Plaintiffs
(Unlawful Tip Retention)

34. Plaintiffs and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

35. Plaintiffs and the FLSA Plaintiffs received credit card tips from patrons for their bartending services.

36. Defendant retained the entirety of the credit card tips received by Plaintiffs and the FLSA Plaintiffs.

37. Defendant knowingly retained Plaintiffs' and the FLSA Plaintiffs' credit card tips.

38. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

39. Defendant's conduct was in violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Plaintiffs employed by Defendant, demands judgment against Defendant as follows:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the FLSA Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their credit card tips;

B. Designation of Plaintiffs as representatives of the FLSA Collective defined herein;

  C. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

  D. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  E. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

  F. Awarding all damages which Plaintiffs and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unlawfully retained tips and liquidated damages;

  G. Awarding Plaintiffs and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  I. Awarding post-judgment interest, as provided by law;

  J. Awarding Plaintiffs and FLSA Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

  K. Granting Plaintiffs and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: April 3, 2025
Dallas, Texas

Respectfully Submitted,

/s/ *Larry Taylor, Jr.*
Larry F. Taylor, Jr.
TBN: 24071156
ltaylor@cochrantexas.com
**The Cochran Firm – Dallas, PLLC**
1825 Market Center Blvd, Suite 500
Dallas, Texas 75207
T: (214) 651-4260
F: (214) 651-4261

-and-

Alexander M. White
Texas Bar No.: 24126840
awhite@vkvlawyers.com
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180

**ATTORNEYS FOR PLAINTIFFS**